**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
1/31/2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| BRUNO DAUBE,<br><br>Plaintiff,<br><br>v.<br><br>Village of Lombard Police Officers, JANET MYERSON, Star. No. 752, P.O. DAVID THIEDE, P.O. TOM BALSITIS, P.O. ROY NEWTON, P.O. JOSEPH WAGNER, and UNKNOWN and UNNAMED OFFICERS, each individually, and THE VILLAGE OF LOMBARD,<br><br>Defendants. | ) | Case No. 10 C 1671<br><br>Judge Norgle<br><br>Magistrate Judge Nolan<br><br>**JURY DEMANDED** |

**SECOND AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343,1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff BRUNO DAUBE was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant VILLAGE OF LOMBARD Police Officer JANET MYERSON, Star No. 752, ("MYERSON") was employed by the VILLAGE OF LOMBARD Police Department, and was acting under color of state law and as the employee, agent,

or representative of the VILLAGE OF LOMBARD Police Department. This Defendant is being sued in her individual capacity.

5. At all times herein mentioned, Defendant VILLAGE OF LOMBARD Police Officer TOM BALSITIS ("BALSITIS") was employed by the VILLAGE OF LOMBARD Police Department, and was acting under color of state law and as the employee, agent, or representative of the VILLAGE OF LOMBARD Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant VILLAGE OF LOMBARD Police Officer DAVID THIEDE ("THIEDE") was employed by the VILLAGE OF LOMBARD Police Department, and was acting under color of state law and as the employee, agent, or representative of the VILLAGE OF LOMBARD Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant VILLAGE OF LOMBARD Police Officer ROY NEWTON ("NEWTON") was employed by the VILLAGE OF LOMBARD Police Department, and was acting under color of state law and as the employee, agent, or representative of the VILLAGE OF LOMBARD Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, Defendant VILLAGE OF LOMBARD Police Officer JOSEPH WAGNER ("WAGNER") was employed by the VILLAGE OF LOMBARD Police Department, and was acting under color of state law and as the employee, agent, or representative of the VILLAGE OF LOMBARD Police Department. This Defendant is being sued in his individual capacity.

9. At all times herein mentioned, an unknown number of unnamed Village of Lombard police officers ("UNKNOWN OFFICERS") were employed by the Village of Lombard Police

Department, and were acting under color of state law and as the employees, agents or representatives of the Village of Lombard Police Department. These Defendants are being sued in their individual capacities. Upon discovery of their identities, plaintiff will amend the complaint to add them as defendants.

10. At all times herein mentioned, the VILLAGE OF LOMBARD was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the VILLAGE OF LOMBARD maintained, managed, and/or operated the VILLAGE OF LOMBARD Police Department.

## FACTUAL ALLEGATIONS

11. On or about March 30, 2009 Plaintiff was in his home, in the Village of Lombard, County of DuPage, State of Illinois.

12. On that day and place, Defendants entered Plaintiff's home without consent and without a warrant and searched his home.

13. Defendants demanded that Plaintiff come to the police station later that day.

14. When he arrived at the police station, Defendants seized Plaintiff.

15. Plaintiff did not consent to being seized.

16. There was no outstanding arrest warrant for Plaintiff.

17. There was no legal cause to seize Plaintiff.

18. On or about March 30, 2009, Defendants caused false criminal charges to be brought against Plaintiff for Disorderly Conduct.

19. On or about February 18, 2010, the charges terminated in Plaintiff's favor.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

21. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff Against All Individual Defendants for**
**UNREASONABLE SEARCH**

24. Plaintiff hereby incorporates and realleges paragraphs one through twenty-three (23) hereat as though fully set forth at this place.

25. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

26. The arbitrary intrusion by Defendants, into the security and privacy of plaintiffs' residence was in violation of Plaintiffs' Constitutional Rights and not authorized by law. Defendant violated Plaintiff's rights in the following way: they forced entry into Plaintiff's residence without consent and without a warrant and searched it. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, in his/her individual capacity, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff Against All Individual Defendants for**
**UNREASONABLE SEIZURE**

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

28. By reason of the conduct by Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

29. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff Against Individual Defendants and the Village of Lombard For**
**The Supplemental Claim Of MALICIOUS PROSECUTION**

30. Plaintiff incorporates and realleges paragraphs one (1) twenty-two (22) hereat as though fully set forth at this place.

31. The Individual Defendants, police officers employed by the Village of Lombard, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

32. The Individual Defendants initiated, facilitated, and/or continued this malicious

prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, by preparing false witness statements and/or improperly influencing witnesses.

33. The criminal proceedings were terminated in the Plaintiffs' favor on or about February 18, 2010.

34. The Village of Lombard is liable to Plaintiff for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior*.

35. Therefore, the Individual Defendants and the Village of Lombard are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the Village of Lombard be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the Village of Lombard be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Julie M. Owen

Julie M. Owen
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jowen@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Julie M. Owen
Julie M. Owen
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jowen@efox-law.com